IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SETH DANIEL BUFFINGTON, 1371074,  ) | |
|     Petitioner,  ) | |
| ) | |
| v.  ) | No. 3:09-CV-256-M |
| ) | |
| RICK THALER, Director, Texas  ) | |
| Dept. Of Criminal Justice, Correctional  ) | |
| Institutions Division,  ) | |
|     Respondent.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

**II.  Background**

On May 9, 2006, Petitioner pled guilty to indecency with a child and was sentenced to ten years confinement. *State of Texas v. Seth Daniel Buffington*, No. F-0532831 (204th Dist. Ct., Dallas County, Tex., May 9, 2006). Petitioner did not file an appeal.

On July 12, 2007, Petitioner filed a state habeas petition. *Ex parte Buffington*, No. 69,675-04. On January 14, 2009, the Court of Criminal Appeals denied the petition without

written order on the findings of the trial court.

On February 12, 2009, Petitioner filed this federal petition for writ of habeas corpus. On March 14, 2009, he filed an amended petition. He alleges:

1. His guilty plea was involuntary because:

   a. trial counsel induced his guilty plea by asserting that he was eligible for shock probation and that he would only have to register as a sex offender for ten years, neither of which was true;

   b. he did not understand the charges against him;

   c. he was not properly admonished and the judge incorrectly informed him that he was pleading to a non-3(g) offense;

   d. the plea forms were only partially completed and contained inconsistencies;

   e. he was not given the opportunity to withdraw his plea, even though he did not agree with the plea as written; and

   f. he was forced to plead guilty to escape the conditions of the Dallas County Jail;

2. He receive assistance of trial counsel because:

   a. counsel failed to communicate with him by mail, phone, or in person and failed to keep him updated on the status of his case;

   b. counsel failed to meet with him privately and sufficiently in advance of trial to allow Petitioner to effectively assist his own defense;

   c. counsel misled Petitioner as to the consequences of his plea and failed to provide him with correct information concerning his case and plea agreement;

   d. counsel refused to file an appeal;

   e. counsel failed to secure Petitioner's release on bond;

   f. counsel failed to provide Petitioner with access to documents in this case, and as a result, he was unable to properly prepare for trial;

   g. counsel's failure to communicate with Petitioner interfered with his sole

managing conservatorship;

3. Petitioner's due process rights were violated because the Dallas County Jail failed to provide a private meeting area for attorneys and clients, only allowed collect calls to attorneys and failed to provide proper access to the law library;

4. His due process rights were violated because the court refused to set a reasonable bond;

5. His due process rights were violated because he was denied meaningful access to the courts and court records;

6. His due process rights were violated because he was never provided with *Miranda* warnings;

7. His due process rights were violated because he was not allowed to present himself as co-counsel and fully participate in trial;

8. He was denied the right to appeal because trial counsel refused to file an appeal and the Dallas County Jail failed to provide sufficient access to the law library;

9. The indictment was defective;

10. The prosecutor committed a *Brady* violation;

11. His equal protection rights were violated because he was held in an inadequate jail facility where he was not provided with a proper place to sleep or adequate clothing;

12. The state habeas court committed procedural errors;

13. The state violated his parental rights;

14. His right to be presumed innocent was violated because as a pre-trial detainee he was held in the Dallas County Jail and co-mingled with convicted prisoners;

15. He was denied the right to obtain witnesses and be informed of the state's witnesses;

16. He did not receive pre-sentence time credit for the four days from the time of his arrest until the time of his arraignment;

17. His conviction and sentence are illegal because the under which he was convicted

   is ambiguous;

18. There is either no evidence or insufficient evidence to support his conviction; and

19. He is actually innocent.

## II.  Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered

Petitioner was convicted on May 9, 2006. He did not appeal his conviction. His conviction therefore became final thirty days later on June 8, 2006. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until June 8, 2007, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner, however, did not file his state petition for writ of habeas corpus until July 12, 2007. This date was after the one-year limitations period expired, and thus the petition did not toll the limitations period.

Petitioner was required to file his federal habeas petition by June 8, 2007. He did not file his petition until February 12, 2009. His petition is therefore untimely.

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v.*

---

through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -5-

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

To the extent Petitioner argues he is entitled to equitable tolling because his counsel was ineffective, his claim is without merit.  As the Fifth Circuit has stated:

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations.  A criminal defendant has a right to effective assistance of counsel on a first appeal as of right.  An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson*, 207 F.3d 773,775 (5th Cir. 2000); *see also, Moore v. Cockrell*, 313 F.3d 880 (5th Cir. 2002) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.").  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**C.     Other Claims**

This habeas petition also includes claims regarding: (1) the sleeping conditions at the Dallas County Jail; (2) inadequate clothing provided at the Dallas County Jail; (3) loss of Petitioner's parental rights; and (4) a time credit claim.  A writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement.  *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994).  Claims involving the conditions of confinement and prison procedures are properly brought under 42 U.S.C. § 1983.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  Additionally, a

claim regarding Petitioner's parental rights is not properly brought under § 2254. *See Cook*, 37 F.3d at 168. Finally, Petitioner has failed to show he exhausted his time credit claim. *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982) (stating Petitioner must exhaust claims by submitting the factual and legal basis of any claim to the highest available state court for review). These claims should be dismissed without prejudice.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d). The Court also recommends that Petitioner's claims regarding the loss of his parental rights, inadequate sleeping facilities, inadequate clothing and his time credit claim be dismissed without prejudice.

Signed this 18th day of December, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).